## MUDGETT, *in Error,* versus EMERY.

The costs in actions are wholly regulated by statute law.

And to entitle one to recover costs, he is required to be the prevailing party.

In a real action, where, by a brief statement, a portion of the demanded premises is disclaimed, and *such part* is accepted by the demandant in satisfaction of his claim, a judgment in his favor for costs is erroneous.

WRIT OF ERROR to reverse a judgment of the Supreme Judicial Court. The facts in relation to that judgment are recited in the opinion of the Court.

*Hubbard,* for defendant in error.

*Mudgett, pro se.*

HOWARD, J. — The defendant in error was demandant in a writ of entry. The respondent pleaded the general issue, and by brief statement disclaimed a portion of the premises demanded. Upon a trial in the Court below, the respondent prevailed, and the demandant appealed. After this the appellee died, and his administrator, the plaintiff in error,

was summoned in, and assumed the defence, and the heirs were notified of the pendency of the suit, by order of Court. R. S., c. 145, § § 9, 19. The disclaimer was amended by leave of Court, after the administrator appeared; and " was accepted by the appellant," as expressed upon the record, and he subsequently had judgment for costs only. Stat. of 1846, c. 221.

We do not perceive upon what ground the demandant was legally entitled to costs. He did not recover any portion of the demanded premises; and he was not the prevailing party upon the issues tendered, or upon default. He appears to have " accepted" the disclaimer, in satisfaction of his demand, and there the controversy seems to have terminated; with the exception, perhaps, of the matter of costs. These are regulated wholly by statute, none being allowed by the common law, *eo nomine*. The disposition of the case, though somewhat novel, may have been in accordance with the intentions of the parties, so far as the merits were concerned; but the demandant's claim for costs, under such circumstances, cannot be supported upon any provisions of the statutes of this State.

There was error, therefore, in entering up judgment for the demandant for costs; and that judgment is reversed.

SHEPLEY, C. J., and TENNEY, APPLETON and HATHAWAY, J. J., concurred.